MARY KAY GLASPY (SBN 157167)
MGlaspy@mgmlaw.com
THOMAS J. TARKOFF (SBN 160994)
TTarkoff@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
Telephone: (925) 947-1300
Facsimile: (925) 947-1594

Attorneys for Defendant
**AVALONBAY COMMUNITIES, INC.,**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH BRUNNER,<br><br>            Plaintiff,<br><br>      v.<br><br>THE AVALON CORPORATION, and DOES 1 to 100 inclusive,<br><br>            Defendants. | USDC Case No.<br><br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (A) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant AvalonBay Communities, Inc. ("Avalon") hereby removes this action from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California under 28 U.S.C. Section 1441 (a). In support of this Notice, Avalon states as follows:

I.      **STATE COURT PROCEEDINGS**

1.      Plaintiff Seth Brunner ("Plaintiff") filed his complaint in the Superior Court of the State of California, County of Santa Clara on February 26, 2020. (See Plaintiff's Complaint attached as Exhibit A.) Plaintiff (who was a minor at the time of his claimed injuries) alleges that he was injured from a fall through an open window in his father's apartment on April 5, 2003.

Law Offices of
MANNING GROSS + MASSENBURG LLP

(Complaint, 2: 14-20.) Plaintiff further alleges that the apartment was "owned, operated, maintained, and/or controlled' by Avalon. (Id., 2:9-13.) Plaintiff's complaint contains causes of action against Avalon for Negligence-Premises Liability and Negligence-Construction Defect.

2.      Nowhere in plaintiff's complaint is there any indication as to the amount of damages incurred as a result of the fall. Plaintiff generally seeks recovery for "medical and related expenses," "loss of earnings," for "general damages," and "punitive damages" as well. (Id., 4:21-24.)

3.      The DOE amendment naming Avalon was filed on November 10, 2020. (See Exhibit B.) Avalon was served on December 14, 2020. (See Exhibit C.) Avalon filed an answer in state court on January 22, 2021. (See Exhibit D.)

4.      On April 27, 2021, plaintiff served answers to Avalon's form interrogatories. (See Exhibit E.) In those responses, Plaintiff reveals that he has lived in Georgia for the last two years. (Id., 3:19-21.) Plaintiff also indicates that he has "permanent partial paralysis," "no left side peripheral vision," "focal issues" and "difficulty with organization." (Id., 8:8-12.) All such complaints are "ongoing." (Id.)

5.      Plaintiff states in his responses that he has incurred a variety of costs related to his treatment which includes, but is not limited to, the following:

        a.      $82,753.32 for treatment at Santa Clara Valley Medical Center (Id., 9:25-10:2);

        b.      $17,100.45 for treatment at Good Samaritan Hospital in San Jose (Id., 9:9-12);

        c.      $1,556.45 for treatment from American Medical Response (Id., (9:1-4);

        d.      $237 for treatment from California Emergency Physicians (Id., 17-20);

        e.      Costs of unknown amount for treatment from San Jose Medical Center (Id., 9:21-24); and,

        f.      Costs of unknown amount for treatment at Lucile Packard Children's Hospital (9:13-16.)

///
///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (A) (DIVERSITY)

LAW OFFICES OF
MANNING GROSS + MASSENBURG LLP

6.     Plaintiff further indicates in his responses that he has a claim of unknown amount for loss of future income as his "earning potential has been diminished." (Id., 12:11-14.)

## II.     The Amount in Controversy Requirement is Satisfied

7.     Based on plaintiff's discovery responses, he has already incurred $101,647.22 in medical expenses plus unknown amounts from two different hospitals He has a future loss of earnings claim in an unknown amount based on a diminished future earnings capacity claim. He also seeks general damages and punitive damages as alleged in his complaint.

## III.     Complete Diversity Exists

8.     Plaintiff's complaint alleges that he was a California resident "at all times relevant." His interrogatory answers served on April 27, 2021 reveal that he has been living in Georgia for the last two years.

9.     Avalon is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Virginia. Avalon is not, and was not at any relevant time, a citizen of the State of California.

10.     There are no other defendants in this action.

11.     This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. section 1332 and may be removed to this Court by Avalon pursuant to the provisions of 28 U.S.C.  section 1441(a) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

## IV.     All Other Requirements for Removal Have Been Satisfied

12.     This Notice of Removal is being filed within thirty (30) days of receipt of the answers to interrogatories and is therefore timely filed. (28 U.S.C. section 1446(b).)

13.     Removal to this Court is proper as the Superior Court of the State of California, County of Santa Clara, where the action was originally filed, is located within the Northern District.

///

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (A) (DIVERSITY)

LAW OFFICES OF
MANNING GROSS + MASSENBURG LLP

1       14.    Counsel for Avalon certifies that it will file a copy of this Notice of Removal with

2   the Clerk of the Superior Court of the State of California, County of Santa Clara, and will give notice

3   to counsel for plaintiff.

4   Dated: May 26, 2021            **MANNING GROSS + MASSENBURG LLP**

5                           By: /s/ *Thomas J. Tarkoff*_____

6                               Mary Kay Glaspy

7                               Thomas J. Tarkoff

8                               Attorneys for Defendant
                            **AVALONBAY COMMUNITIES, INC.,**

LAW OFFICES OF
MANNING GROSS + MASSENBURG LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (A) (DIVERSITY)

# EXHIBIT A

12/21/2020 1:03:44 PM (GMT-05:00)

E-FILED
2/26/2020 2:34 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364441
Reviewed By: M Vu

1  **SHEA & SHEA**
   A PROFESSIONAL LAW CORPORATION
2  MICHAEL M. SHEA, JR. (State Bar No. 126983)
   MARK B. O'CONNOR (State Bar No. 126960)
3  NICOLE N. HANCOCK (State Bar No. 221457)
   2007 WEST HEDDING STREET SUITE 100
4  SAN JOSE, CA, 95128
   Phone:  (408) 292-2434
5  Fax   :  (408) 292-1264

6  Attorneys for Plaintiff

7

8                    **SUPERIOR COURT OF CALIFORNIA,**

9                         **COUNTY OF SANTA CLARA**

10

11  SETH BRUNNER,                          CASE NO.:        20CV364441

12         Plaintiff,                      **COMPLAINT FOR DAMAGES**

13  vs.                                    (NEGLIGENCE- PREMISES LIABILITY;
                                           CONSTRUCTION DEFECT)
14  THE AVALON CORPORATION, and
    DOES 1 through 100, inclusive,
15

16         Defendants.

17

18  Plaintiff SETH BRUNNER alleges as follows:

19                         **GENERAL ALLEGATIONS**

20         1.      At all times herein mentioned plaintiff SETH BRUNNER was a resident in the State

21  of California.

22         2.      At all times herein mentioned, defendant THE AVALON CORPORATION was and

23  is a business entity, form unknown, doing business in San Jose, California within Santa Clara

    County.

24         3.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

25  DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.

26  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when

27

                                           -1-

12/21/2020 1:03:44 PM (GMT-05:00)

1    ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously

2    named defendants are negligently responsible in some manner for the occurrences and happenings

3    herein alleged, and that SETH BRUNNER, injuries and damages as herein alleged were proximately

4    caused by said negligence.

5         4.    At all times herein mentioned, the defendants, and each of them, were the agents,

6    servants, and employees of each of the remaining defendants, and in doing the things hereinafter

7    alleged were acting within the course and scope of such agency, service and employment and with

8    the knowledge, consent, and permission of each of said remaining defendants.

9         5.    On, or about, April 5, 2003, SETH BRUNNER was in his father, Robert Brunner's

10   3rd floor loft (Apartment 2309) (hereinafter referred to as "the Apartment") at 754 The Alameda,

11   San Jose, California 95126.

12        6.    At all times herein, the Apartment was owned, operated, maintained, and/or

13   controlled by the defendants THE AVALON CORPORATION and DOES 1 through 100, inclusive.

14        7.    SETH BRUNNER was a minor at the time of the incident.  His date of birth is March

15   1, 2000.

16        8.    On, or about, April 5, 2003, SETH BRUNNER fell from an open, unscreened

17   window in the Apartment, plummeted three stories, landed on the ground, and sustained serious

18   injuries, including, but not limited to a serious brain injury.

19        9.    As a result of the fall on April 5, 2003, plaintiff SETH BRUNNER sustained a

20   traumatic brain injury that has caused serious and permanent physical and neurological disabilities.

21                           **FIRST CAUSE OF ACTION**

22                        **(Negligence- Premises Liability)**

23        10.   Plaintiff realleges all paragraphs of the General Allegations as though fully set forth

24   at length herein.

25        11.   Before and on April 5, 2003, Robert was a tenant living at the Apartment, owned by

26   the Defendants, and Does 1 through 100 inclusive.

27

-2-

BRUNNER V. THE AVALON CORP.                                                    CASE NO.

COMPLAINT FOR DAMAGES

2/21/2020 1:03:44 PM (GMT-05:00)

12.    On, or about, April 5, 2003, Robert Brunner and SETH BRUNNER were lawfully using the premises owned, controlled, and managed by the Defendants, and each of them, for the purposes and in the manner intended, directed, required, and foreseen by Defendants, and each of them.  The Defendants, and each of them, knew or should have known in exercising reasonable care, of the dangerous condition created by the window that caused a risk to the tenant.  Defendants, and each of them, negligently failed to take reasonable steps to make the window safe or to warn the tenant of the danger.

13.    Because of the aforementioned negligence of the defendants, and each of them, in their ownership, maintenance, inspection, supervision, design, control, scheduling, and the failure to place proper warnings or instructions, plaintiff SETH BRUNNER suffered a fall from the third floor of the Apartment.

14.    As a direct and proximate result of the negligence of defendants, and each of them, plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability, all to his general damage in a sum according to proof.

15.    As a further proximate result of said acts of the defendants, and each of them, plaintiff will be required to and will employ physicians and surgeons to examine, treat, and care for him in the future and will incur future medical, hospital, and incidental expenses.  The exact amount of said expense is unknown to plaintiff at this time, and plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

## SECOND CAUSE OF ACTION

### (Negligence- Construction Defect)

16.    Plaintiff realleges all paragraphs of the General Allegations and First Cause of Action as though fully set forth at length herein.

17.     At said time and place, defendants, and each of them, did negligently and carelessly own, operate, maintain, supervise, inspect, design, build, construct, and control said premises in a dangerous, defective, and unsafe condition so that the same was allowed to be, and was in a dangerous condition so as to allow persons to use it, such as and including the plaintiff, so that plaintiff was caused to fall sustaining serious and permanent neurological injuries as more specifically described below.

18.     As a direct and proximate result of the negligence of defendants, and each of them, plaintiff was hurt and injured in his health, strength, and activity, sustaining massive head injuries and other injuries to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability, the etiology of which is traumatic brain injury, to plaintiff all to his general damage in a sum according to proof.

19.     As a further proximate result of said negligence of the defendants, and each of them, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for him and did incur medical, hospital, rehabilitation and incidental expenses. The exact amount of said expense is unknown to plaintiff at this time, and plaintiff will seek leave to amend this complaint when the exact amount has been ascertained, or according to proof.

**WHEREFORE**, plaintiff SETH BRUNNER prays judgment against defendants, and each of them, as hereinafter set forth.

(1)     For medical and related expenses, both past and future, according to proof

(2)     For loss of earnings and earning capacity according to proof;

(3)     For general damages in a sum according to proof;

(4)     For punitive damages;

(5)     For interest on said judgment at the legal rate from April 5, 2003;

//

//

-4-

BRUNNER V. THE AVALON CORP.                                                    CASE NO.

COMPLAINT FOR DAMAGES

12/21/2020 1:03:44 PM (GMT-05:00)

1     (6)    For costs of suit incurred herein; and

2     (7)    For such other and further relief as the court may deem proper.

3

4  DATED:  February 26, 2020            **SHEA & SHEA**

5

6                             By: _____

7                                 NICOLE N. HANCOCK

                                 Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BRUNNER V. THE AVALON CORP.                  CASE NO.

COMPLAINT FOR DAMAGES

# EXHIBIT B

12/21/2020 1:03:44 PM (GMT-05:00)

20CV364441
Santa Clara – Civil

**SHEA & SHEA**
A PROFESSIONAL LAW CORPORATION
MICHAEL M. SHEA, JR. (State Bar No. 126983)
MARK B. O'CONNOR (State Bar No. 126960)
NICOLE N. HANCOCK (State Bar No. 221457)
2007 WEST HEDDING STREET, SUITE 100
SAN JOSE, CA 95128
Phone:  (408) 292-2434
Fax    :  (408) 292-1264

Attorneys for Plaintiff

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/10/2020 11:43 AM
Reviewed By: L. Quach-Marcellana
Case #20CV364441
Envelope: 5271260

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

SETH BRUNNER,

      Plaintiff,

vs.

THE AVALON CORPORATION, and
DOES 1 through 100, inclusive,

      Defendants.

CASE NO.: 20CV364441

**AMENDMENT TO COMPLAINT**
**(Substituting Defendant's True Name for**
**Fictitious Name, Pursuant to CCP § 474)**

Plaintiff was ignorant of the names of defendants, as stated in the Complaint for Damages (Negligence -Premise Liability and Construction Defect) filed on February 26, 2020 and designated the defendants by fictitious names.  Defendant's true name has now been discovered, and plaintiff hereby amends the Complaint as follows:

| **True Name** | **Fictitious Name** |
|---|---|
| AVALONBAY COMMUNITIES, INC. | DOE 1 |

DATED:  November 10, 2020

      **SHEA & SHEA**

By: _____
      NICOLE N. HANCOCK
      Attorney for Plaintiff

-1-

# EXHIBIT C

12/21/2020 1:03:44 PM (GMT-05:00)

 CT Corporation

**Service of Process Transmittal**
12/14/2020
CT Log Number 538741212

TO:     Lora Ross, Senior Manager - Legal Services
        Avalonbay Communities, Inc.
        4040 WILSON BLVD STE 1000
        ARLINGTON, VA 22203-1924

RE:     **Process Served in California**

FOR:    AvalonBay Communities, Inc.  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ETH BRUNNER, Pltf. vs. THE AVALON CORPORATION, et al., Dfts. // To: AVALONBAY COMMUNITIES, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV364441 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2020 at 01:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/14/2020, Expected Purge Date: 12/19/2020<br><br>Image SOP<br><br>Email Notification,  Lora Ross  Lora_Ross@avalonbay.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / PP

2/21/2020 1:03:44 PM (GMT-05:00)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE AVALON CORPORATION, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SETH BRUNNER

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 2/26/2020 2:34 PM |
| Clerk of Court |
| Superior Court of CA, |
| County of Santa Clara |
| 20CV364441 |
| Reviewed By: M Vu |
| Envelope: 4086905 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California, Santa Clara <br><br> 191 N. First Street <br> San Jose, CA 95113 | CASE NUMBER: <br> *(Número del Caso):* <br><br> 20CV364441 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nicole N. Hancock, SHEA & SHEA, 2007 West Hedding St., Ste 100, San Jose, CA 95128 T: (408)292-2434

| DATE 2/26/2020 2:34 PM <br> *(Fecha)* | Clerk of Court | Clerk, by <br> *(Secretario)* | M Vu | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):* Doe-1

3. ☑ on behalf of *(specify):* Avalonbay Communities, Inc

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT D

MARY KAY GLASPY (SBN 157167)
MGlaspy@mgmlaw.com
THOMAS J. TARKOFF (SBN 160994)
TTarkoff@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
Telephone: (925) 947-1300
Facsimile: (925) 947-1594

Attorneys for Defendant
**AVALONBAY COMMUNITIES, INC.,
sued herein as DOE1**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/22/2021 2:43 PM
Reviewed By: R. Tien
Case #20CV364441
Envelope: 5696241**

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| SETH BRUNNER,<br><br>                Plaintiff,<br><br>        v.<br><br>THE AVALON CORPORATION, and DOES 1 to 100 inclusive,<br><br>                Defendants. | Case No. 20CV364441<br><br>**DEFENDANT AVALONBAY COMMUNITIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint filed:  February 26,2020<br>Trial date:  Not set |

COMES NOW, defendant AVALONBAY COMMUNITIES, INC. (hereinafter "Defendant"), and answers the Complaint filed by plaintiff SETH BRUNNER (hereinafter "Plaintiff"), as follows:

**<u>GENERAL DENIAL</u>**

Answering the allegations contained in each and every paragraph of the Complaint, this answering Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained, and further specifically denies that Plaintiff has been damaged in any sum, sums, or at all.

Defendant asserts the following separate and distinct, affirmative defenses:

///

///

///

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and all causes of action, contentions, and/or allegations contained therein, fails to set forth facts and allegations sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

The action is barred by various statutory defined periods of limitation, including, but not limited to, the following separate and distinct sections of the California Code of Civil Procedure: 337, 337.1, 337.15, 338, 339, 340, 343 et seq.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and his parents were careless and negligent in and about the matters referred to in the Complaint, and said carelessness and negligence on their part proximately contributed to and/or was the sole proximate contributing cause of all damages or injuries purportedly resulting or arising therefrom, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, Plaintiff and his parents were fully aware of all of the facts, matters and circumstances surrounding said matters, and knowingly and voluntarily assumed the risk of injury and/or damages, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

Any finding of negligence against this answering Defendant should be compared to the negligence of all other parties to the action, including Plaintiff and his parents, cross-defendants and other third parties, and reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and his parents were under an active duty to use reasonable care and diligence to minimize their losses and have failed to mitigate their damages in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action contained therein, is barred on the ground that Defendant, and its acts complained of in the Complaint, were not the direct and proximate cause of any of the alleged damages purportedly suffered by Plaintiff.

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      Defendant's responsibility, if any, as to non-economic damages shall be limited to the

3 percentage of fault, if any, attributable to this answering Defendant.

4

**NINTH AFFIRMATIVE DEFENSE**

5      By reason of the acts and omissions of the Plaintiff and his patents, they are estopped from

6 entitlement to recovery, if any.

7

**TENTH AFFIRMATIVE DEFENSE**

8      Defendant alleges that no act or omission by Defendant was a substantial factor in

9 bringing about the damages alleged by Plaintiff, nor was any act or omission on its behalf a

10 contributing cause thereof.   Acts or omissions of others, including Plaintiff and his parents

11 (individually and collectively) other individuals or entities not named in this action, were

12 independent, intervening, and proximate causes of the damages or loss, if any, allegedly

13 sustained by Plaintiff.

14

**ELEVENTH AFFIRMATIVE DEFENSE**

15      Defendant alleges that the Complaint, and each cause of action set forth therein, is barred

16 by Plaintiff and his parents' acceptance of the products and workmanship of Defendant, and

17 further by Plaintiff and his parents' approval and ratification of such products and workmanship.

18

**TWELFTH AFFIRMATIVE DEFENSE**

19      Defendant alleges that at all times Defendant's work conformed to the applicable

20 standards of care, and Defendant's materials conformed to the applicable industry standards.

21

**THIRTEENTH AFFIRMATIVE DEFENSE**

22      Defendant alleges on information and belief that Plaintiff and his parents (individually and

23 collectively) or some third party/parties, re-designed, modified, altered, abused or misused the

24 material, equipment and/or products provided by Defendant, if any there were, in a manner that

25 was not reasonably foreseeable and without Defendant's knowledge or approval, and that such re-

26 design, modification, treatment, alteration or misuse substantially changed the character of the

27 product, and that defects in the product or its performance, if any, resulted solely from such re-

28 ///

1  design, modification, alteration, abuse, misuse or other change in the product as described above,

2  and not from any act or omission of Defendant or its suppliers.

3  ### FOURTEENTH AFFIRMATIVE DEFENSE

4  Because Plaintiff's claims are framed in broad and conclusory language, Defendant

5  reserves the right to assert other affirmative defenses as may be warranted as discovery in this

6  action proceeds.

7  ### PRAYER

8  WHEREFORE, Defendant prays for judgment as follows:

9  1.  That Plaintiff take nothing by way of the Complaint;

10 2.  That Defendant be dismissed with costs of suit and attorneys' fees incurred herein;

11     and

12 3.  For such other and further relief as the court may deem just and proper.

13 DATED: January 22, 2021                    **MANNING GROSS + MASSENBURG LLP**

14

15 _____

16 MARY KAY GLASPY
   THOMAS J. TARKOFF

17 Attorneys for Defendant
   **AVALONBAY COMMUNITIES, INC.**

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AVALONBAY COMMUNITIES, INC.'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROOF OF SERVICE</u>**

I am employed in the County of Contra Costa, State of California, I am over the age of 18 and am not a party to the within action; my business address is 100 Pringle Avenue, Suite 750, Walnut Creek, California  94596.

On January 22, 2021, I served on the parties of record in this action the foregoing document described as:

**DEFENDANT AVALONBAY COMMUNITIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**[X]** **BY ELECTRONIC TRANSMISSION**:  By e-mailing the document(s) to the persons at the e-mail address(es) listed below.  Pursuant to notice by the County of Contra Costa, to shelter in place during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**[X]** **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 22nd day of January, 2021, at Walnut Creek, California.

_____
Jen Nolan

DEFENDANT AVALONBAY COMMUNITIES, INC.'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SERVICE LIST

| | |
|---|---|
| Michael M. Shea, Jr.<br>Mark B. O'Connor<br>Nicole N. Hancock<br>SHEA & SHEA, APC<br>2007 West Hedding Street, Suite 100<br>San Jose, CA  95128<br>(T):  (408) 292-2434<br>mbo@shea-shea.com<br>nhancock@shea-shea.com<br><br>**Counsel for Plaintiff,**<br>**SETH BRUNNER** | Mary Kay Glaspy<br>Thomas J. Tarkoff<br>Manning Gross + Massenburg, LLP<br>100 Pringle Ave., Suite 750<br>Walnut Creek, CA  94596<br>(T): (925) 947-1300<br>mglaspy@mgmlaw.com<br>ttarkoff@mgmlaw.com<br>medwards@mgmlaw.com  (Paralegal)<br>jnolan@mgmlaw.com  (Assistant)<br><br>**Counsel for Defendant,**<br>**AVALONBAY COMMUNITIES, INC.**<br>**(Doe 1)** |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AVALONBAY COMMUNITIES, INC.'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

# EXHIBIT E

1  **SHEA & SHEA**
   A PROFESSIONAL LAW CORPORATION
2  MICHAEL M. SHEA, JR. (State Bar No. 126983)
   MARK B. O'CONNOR (State Bar No. 126960)
3  NICOLE N. HANCOCK (State Bar No. 221457)
   2007 WEST HEDDING STREET
4  SUITE 100
   SAN JOSE, CA  95128
5  Phone:  (408) 292-2434
   Fax    :  (408) 292-1264
6

7  Attorneys for Plaintiff

8              **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF SANTA CLARA**

10  SETH BRUNNER,                        CASE NO.:  20CV364441

11          Plaintiff,                   **PLAINTIFF SETH BRUNNER'S**
                                         **RESPONSES TO DEFENDANT**
12  vs.                                  **AVALONBAY COMMUNITIES, INC.'S**
                                         **FORM INTERROGATORIES, SET ONE**
13  THE AVALON CORPORATION, and
    DOES 1 through 100, inclusive,
14

15          Defendants.

16  **PROPOUNDING PARTY:**        **DEFENDANT, AVALONBAY COMMUNITIES, INC.**

17  **RESPONDING PARTY:**         **PLAINTIFF, SETH BRUNNER**
18
    **SET NUMBER:**               **ONE**
19
           Pursuant to California Code of Civil Procedure §2030.210, plaintiff hereby provides
20
    responses to Defendant's first set of Form Interrogatories in the above-entitled action with
21
    responses set forth below.
22
                         **PREFATORY STATEMENT**
23
           It should be noted that the responding party, Seth Brunner, has not fully completed his
24
    investigation of the facts relating to this case, has not completed discovery, and has not
25
    completed preparation for trial.
26

27
                                    -1-

1    All of the responses contained herein are based only upon such information and

2  documents as are presently available to and specifically known to the responding party and

3  disclose only those contentions which presently occur to such responding party.  It is anticipated

4  that further discovery, independent investigation, legal research, and analysis will supply

5  additional facts and add meaning to known facts as well as establish entirely new factual

6  conclusions and legal contentions, all of which may lead to substantial additions to, changes in,

7  and variations from the contentions herein set forth.

8    The following responses are given without prejudice to the responding party's right to

9  produce evidence of any subsequently discovered fact or facts which the responding party may

10  later recall.  The responding party accordingly reserves the right to change any and all answers

11  herein as additional facts are ascertained, analyses are made, legal research is completed, and

12  contentions are made.

13    The responses contained herein are made in a good faith effort to supply as much factual

14  information and as much specification of legal contentions as are presently known, but should in

15  no way be to the prejudice of the responding party in relation to further discovery, research, or

16  analysis.

17                **RESPONSES TO FORM INTERROGATORIES**

18  **INTERROGATORY NO. 1.1:**

19    State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON**

20  who prepared or assisted in the preparation of the responses to these interrogatories. (Do not

21  identify anyone who simply typed or reproduced the responses.)

22  **RESPONSE TO INTERROGATORY NO. 1.1:**

23    SHEA & SHEA, a Professional Law Corporation

24    2007 West Hedding, Suite 100

25    San Jose, CA  95128

26    Telephone: (408) 292-2434

27

-2-

1    Fax: (408) 292-1264

2    **INTERROGATORY NO. 2.1:**

3    State:

4    (a)    your name;

5    (b)    every name you have used in the past;

6    (c)    the dates you used each name.

7    **RESPONSE TO INTERROGATORY NO. 2.1:**

8    (a)-(c) Seth Brunner, name used since birth. Discovery continues.

9    **INTERROGATORY NO. 2.2:**

10    State the date and place of your birth.

11    **RESPONSE TO INTERROGATORY NO. 2.2:**

12    March 1, 2000, Los Gatos, CA.

13    **INTERROGATORY NO. 2.5:**

14    State:

15    (a)    your present residence **ADDRESS**;

16    (b)    your residence **ADDRESSES** for the last five years;

17    (c)    the dates you lived at each **ADDRESS**.

18    **RESPONSE TO INTERROGATORY NO. 2.5**

19    (a)-(c) 19056 Montara Drive, Los Gatos, CA 95033, since birth. Recently I have also

20    lived in the college dorms, 3515 Montgomery Street, Savannah Georgia (current), and 302 West

21    Boundary Street, Savannah Georgia (last year). Discovery continues.

22    **INTERROGATORY NO. 2.6:**

23    State:

24    (a)    the name, **ADDRESS**, and telephone number of your present employer or place

25           of self-employment;

26

27

-3-

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

1

(b)    the name, **ADDRESS**, dates of employment, job title, and nature of work for each

2

employer or self-employment you have had from five years before the

3

**INCIDENT** until today.

4

**RESPONSE TO INTERROGATORY NO. 2.6:**

5

(a)-(b) I worked at Purple Onion Cafe, Los Gatos, CA, during the spring and fall of 2019.

6

(a)-(d) I also worked as a freelance designer July 2018 for the Ammunition Group, 1500

7

Sansome Street, Roundhouse One, San Francisco, CA 94111. Discovery continues.

8

**INTERROGATORY NO. 2.7:**

9

State:

10

(a)    the name and **ADDRESS** of each school or other academic or vocational

11

institution you have attended beginning with high school;

12

(b)    the dates you attended;

13

(c)    the highest grade level you completed;

14

(d)    the degrees received.

15

**RESPONSE TO INTERROGATORY NO. 2.7:**

16

(a)-(d) Los Gatos High School, diploma obtained in 2019.

17

(a)-(d) I currently attend the Savannah School of Art and Design, 2019 – present. No

18

degrees obtained. Discovery continues.

19

**INTERROGATORY NO. 2.8:**

20

Have you ever been convicted of a felony? If so, for each conviction state:

21

(a)    the city and state where you were convicted;

22

(b)    the date of conviction;

23

(c)    the offense; and

24

(d)    the court and case number.

25

**RESPONSE TO INTERROGATORY NO. 2.8:**

26

No.

27

-4-

BRUNNER V. THE AVALON CORP.                             CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

**INTERROGATORY NO. 2.9:**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO INTERROGATORY NO. 2.9:**

Yes.

**INTERROGATORY NO. 2.10:**

Can you read and write English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO INTERROGATORY NO. 2.10:**

Yes.

**INTERROGATORY NO. 2.12:**

At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:

(a) the name, **ADDRESS**, and telephone number;

(b) the nature of the disability or condition; and

(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

**RESPONSE TO INTERROGATORY NO. 2.12:**

No as to myself; unknown as to others. Discovery continues.

**INTERROGATORY NO. 2.13:**

Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a)    the name, **ADDRESS**, and telephone number;

(b)    the nature or description of each substance;

(c)    the quantity of each substance used or taken;

-5-

    (d)    the date and time of day when each substance was used or taken;

    (e)    the **ADDRESS** where each substance was used or taken;

    (f)    the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and

    (g)    the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**RESPONSE TO INTERROGATORY NO. 2.13:**

Objection: A complete response to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary (see California Code of Civil Procedure Section 2030.230). Further, this interrogatory violates my right to privacy. However, subject to and without waiving said objections: no as to myself; unknown as to others. Discovery continues.

**INTERROGATORY NO. 4.1:**

At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**?  If so, for each policy state:

    (a)    the kind of coverage;

    (b)    the name and **ADDRESS** of the insurance company;

    (c)    the name, **ADDRESS**, and telephone number of each name insured;

    (d)    the policy number;

    (e)    the limits of coverage for each type of coverage contained in the policy;

    (f)    whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

    (g)    the name, **ADDRESS**, and telephone number of the custodian of the policy.

-6-

BRUNNER V. THE AVALON CORP.             CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 4.1:**

Objection: A complete response to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary (see California Code of Civil Procedure Section 2030.230). Further, this interrogatory violates the Collateral Source Rule. See *Hrnjack v. Graymar, Inc.* (1971) 4 Cal.3d 725. Further, this interrogatory violates my right to privacy. However, subject to and without waiving said objections:

(a)-(g) I do not recall what insurance I may have had at the time of the incident. I do currently have United Healthcare under Robert Brunner. Member ID: 97611697; Group No. 1Y4050. No reservation of rights exist. A copy of the medical card is attached to my Responses to Request for Production of Documents. Discovery continues.

**INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**?  If so, specify the statute.

**RESPONSE TO INTERROGATORY NO. 4.2:**

No.

**INTERROGATORY NO. 6.1:**

Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**?  (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

**RESPONSE TO INTERROGATORY NO. 6.1:**

Yes.

**INTERROGATORY NO. 6.2:**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**RESPONSE TO INTERROGATORY NO. 6.2:**

Injuries including, but not limited to: hemiplegic cerebral palsy, right frontal hygroma, skull fracture, closed head injury, brain injury, facial hematoma and edema. Discovery continues.

-7-

**INTERROGATORY NO. 6.3:**

Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:

    (a)     a description;

    (b)     whether the complaint is subsiding, remaining the same, or becoming worse; and

    (c)     the frequency and duration.

**RESPONSE TO INTERROGATORY NO. 6.3:**

Yes.

(a)-(c) Permanent partial paralysis, complaint is ongoing and remains the same.

(a)-(c) No left side peripheral vision, complaint is ongoing and remains the same.

(a)-(c) Focus issues during certain situations, complaint occurs off and on.

(a)-(d) I have difficulty with organization, complaint is ongoing and remains the same. Discovery continues.

**INTERROGATORY NO. 6.4:**

Did you receive any consultation or examination (except from expert witness covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**?  If so, for each **HEALTH CARE PROVIDER** state:

    (a)     the name, **ADDRESS**, and telephone number;

    (b)     the type of consultation, examination, or treatment provided;

    (c)     the dates you received consultation, examination, or treatment; and

    (d)     the charges to date.

**RESPONSE TO INTERROGATORY NO. 6.4:**

Objection: A complete response to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary (see California Code of Civil Procedure Section 2030.230). However, subject to and without waiving said objections: Yes.

-8-

1    (a) American Medical Response

2    (b) Post-incident transport.

3    (c) April 5, 2003.

4    (d) $1,556.45

5    (a) Care First Pediatrics, 812 Pollard Rd # 1, Los Gatos, CA 95032, (408) 374-1212.

6    (b) Post-incident treatment.

7    (c) December 8, 2009, through September 21, 2012.

8    (d) Unknown at this time.

9    (a) Good Samaritan Hospital, San Jose, CA.

10    (b) Post-incident treatment.

11    (c) August 19, 2004.

12    (d) $17,100.45.

13    (a) Lucile Packard Children's Hospital.

14    (b) Post-incident treatment.

15    (c) October 15, 2003 through July 16, 2009.

16    (d) Unknown at this Time.

17    (a) California Emergency Physicians.

18    (b) Billing.

19    (c) April 20, 2011.

20    (d) $237.00.

21    (a) San Jose Medical Center, San Jose, CA (now closed).

22    (b) Post-incident treatment.

23    (c) April 5, 2003, through the present.

24    (d) Unknown at this time.

25    (a) Santa Clara Valley Medical Center.

26    (b) Post-incident treatment.

27

-9-

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

1    (c) April 15, 2003, through the present.

2    (d) $82,753.32. Discovery continues.

3    **INTERROGATORY NO. 6.5:**

4    Have you taken any medication, prescribed or not, as a result of injuries that you attribute

5    to the **INCIDENT**?  If so, for each medication state:

6    (a)    the name;

7    (b)    the **PERSON** who prescribed or furnished it;

8    (c)    the date prescribed or furnished;

9    (d)    the dates you began and stopped taking it; and

10    (e)    the cost to date.

11    **RESPONSE TO INTERROGATORY NO. 6.5:**

12    Objection: A complete response to this interrogatory would necessitate the preparation or

13    the making of a compilation, abstract, audit, or summary (see California Code of Civil Procedure

14    Section 2030.230). However, subject to and without waiving said objections: Yes, see medical

15    records. I have followed my medical treater's instructions regarding when to start and stop taking

16    medication. Discovery continues.

17    **INTERROGATORY 6.6:**

18    Are there any other medical services necessitated by the injuries that you attribute to the

19    **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)?  If

20    so, for each service state:

21    (a)    the nature;

22    (b)    the date;

23    (c)    the cost; and

24    (d)    the name, **ADDRESS**, and telephone number of each provider.

25    **RESPONSE TO INTERROGATORY NO. 6.6:**

26    No.

27

-10-

**INTERROGATORY NO. 6.7:**

Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**?  If so, for each injury state:

    (a)     the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

    (b)    the complaints for which the treatment was advised; and

    (c)    the nature, duration, and estimated cost of the treatment.

**RESPONSE TO INTERROGATORY NO. 6.7:**

Objection: This request prematurely seeks expert discovery in violation of California Code of Civil Procedure Section 2034. However, subject to and without waiving said objections: I am not currently treating but I will likely need future care. I do not know what that will entail. Discovery continues.

**INTERROGATORY NO. 8.1:**

Do you attribute any loss of income or earning capacity to the **INCIDENT**?  (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

**RESPONSE TO INTERROGATORY NO. 8.1:**

Yes.

**INTERROGATORY NO. 8.6:**

State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

**RESPONSE TO INTERROGATORY NO. 8.6:**

I have not missed any work. Discovery continues.

**INTERROGATORY NO. 8.7:**

State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

-11-

1    **RESPONSE TO INTERROGATORY NO. 8.7:**

2        I have not lost any income. However, total income lost will be the subject of expert

3    opinion per California Code of Civil Procedure § 2034. Discovery continues.

4    **INTERROGATORY NO. 8.8:**

5        Will you lose income in the future as a result of the **INCIDENT**?  If so, state:

6        (a)    the facts upon which you base this contention;

7        (b)    an estimate of the amount;

8        (c)    an estimate of how long you will be unable to work; and

9        (d)    how the claim for future income is calculated.

10   **RESPONSE TO INTERROGATORY NO. 8.8:**

11       Yes.

12       (a)-(d) My earnings potential has been diminished. However, total future income will be

13   the subject of expert opinion per California Code of Civil Procedure § 2034. Discovery

14   continues.

15   **INTERROGATORY 9.1:**

16       Are there any other damages that you attribute to the **INCIDENT**?  If so, for each item of

17   damage state:

18       (a)    the nature;

19       (b)    the date it occurred;

20       (c)    the amount; and

21       (d)    the name, **ADDRESS**, and telephone number of each **PERSON** to whom an

22              obligation was incurred.

23   **RESPONSE TO INTERROGATORY NO. 9.1:**

24       (a)-(d) General damages as provided by California Civil Code § 3333. Discovery

25   continues.

26

27
                                              -12-
BRUNNER V. THE AVALON CORP.                              CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

1    **INTERROGATORY NO. 9.2:**

2       Do any **DOCUMENTS** support the existence or amount of any item of damages claimed

3   in interrogatory 9.1?  If so, describe each document and state the name, **ADDRESS**, and

4   telephone number of the **PERSON** who has each **DOCUMENT**.

5    **RESPONSE TO INTERROGATORY NO. 9.2:**

6       Objection, vague, ambiguous and overbroad. Further, this interrogatory seeks expert

7   discovery prematurely in violation of California Code of Civil Procedure §2034. Without

8   waiving said objections: Yes. Please see all documents attached to my Responses to Request for

9   Production of Documents. Discovery continues.

10   **INTERROGATORY NO. 10.1:**

11       At any time before the **INCIDENT** did you have complaints or injuries that involved the

12   same part of your body claimed to have been injured in the **INCIDENT**?  If so, for each state:

13        (a)     a description of the complaint or injury;

14        (b)     the dates it began and ended; and

15        (c)     the name, **ADDRESS**, and telephone number of each **HEALTH CARE**

16                 **PROVIDER** whom you consulted or who examined or treated you.

17   **RESPONSE TO INTERROGATORY NO. 10.1:**

18       No. Discovery continues.

19   **INTERROGATORY NO. 10.2:**

20       List all physical, mental, and emotional disabilities you had immediately before the

21   **INCIDENT**.  (You may omit mental or emotional disabilities unless you attribute any mental or

22   emotional injury to the **INCIDENT**.)

23   **RESPONSE TO INTERROGATORY NO. 10.2:**

24       I did not have any physical, mental, or emotional disabilities immediately before the

25   incident.

26

27

BRUNNER V. THE AVALON CORP.                      CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

**INTERROGATORY NO. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries?  If so, for each action, claim, or demand state:

    (a)    the date, time, and place and location of the INCIDENT (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;

    (b)    the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

    (c)    the court, names of the parties, and case number of any action filed;

    (d)    the name, ADDRESS and telephone number of any attorney representing you;

    (e)    whether the claim or action has been resolved or is pending; and

    (f)    a description of the injury.

**RESPONSE TO INTERROGATORY NO. 11.1:**

No.

**INTERROGATORY NO. 11.2:**

In the past 10 years have you made a written claim or demand for worker's compensation benefits?  If so, for each claim or demand state:

    (a)    the date, time, and place of the INCIDENT giving rise to the claim;

    (b)    the name, ADDRESS, and telephone number of your employer at the time of the injury;

    (c)    the name, ADDRESS, and telephone number of the worker's compensation insurer and the claim number;

    (d)    the period of time during which you received worker's compensation benefits;

    (e)    a description of the injury;

BRUNNER V. THE AVALON CORP.              CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

1       (f)     the name, **ADDRESS**, and telephone number of any **HEALTH CARE**

2              **PROVIDER** that provided services; and

3       (g)     the case number at the Workers' Compensation Appeals Board.

4 **RESPONSE TO INTERROGATORY NO. 11.2:**

5        No.

6 **INTERROGATORY NO. 12.1:**

7        State the name, **ADDRESS**, and telephone number of each individual:

8       (a)     who witnessed the **INCIDENT** or the events occurring immediately before or

9              after the **INCIDENT**;

10      (b)     who made any statement at the scene of the **INCIDENT**;

11      (c)     who heard any statements made about the **INCIDENT** by any individual at the

12              scene; and

13      (d)     who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge

14              of the **INCIDENT** (except for expert witnesses covered by Code of Civil

15              Procedure section 2034).

16 **RESPONSE TO INTERROGATORY NO. 12.1:**

17        Objection:     This interrogatory violates the attorney-client privilege and the attorney

18 work product doctrine Code of Civil Procedure §2018.020 (a)(b) and *Natch & Lewis Inc. v.*

19 *Superior Court* (1996) 47 Cal.App.4th 214. However, subject to and without waiving said

20 objections: Other than myself, Defendants and medical personnel: yes:

21        (a)-(d) Robert Brunner, contact through counsel.

22        (a)-(d) Carrie Brunner, contact through counsel. Discovery continues.

23 **INTERROGATORY NO. 12.2:**

24        Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

25 concerning the **INCIDENT**? If so, for each individual state:

26      (a)     the name, **ADDRESS**, and telephone number of the individual interviewed;

27

BRUNNER V. THE AVALON CORP.                      CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

    (b)     the date of the interview; and

    (c)     the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**RESPONSE TO INTERROGATORY NO. 12.2:**

    Objection, this interrogatory violates the attorney work product doctrine Code of Civil Procedure §2018.020 (a)(b), *Natch & Lewis Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, and it also seeks expert discovery prematurely in violation of California Code of Civil Procedure §2034.

**INTERROGATORY NO. 12.3:**

    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:

    (a)     the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

    (b)     the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

    (c)     the date the statement was obtained; and

    (d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

**RESPONSE TO INTERROGATORY NO. 12.3:**

    Objection, this interrogatory violates the attorney work product doctrine Code of Civil Procedure §2018.020 (a)(b), *Natch & Lewis Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, and it also seeks expert discovery prematurely in violation of California Code of Civil Procedure §2034.

-16-

**INTERROGATORY NO. 12.4:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

    (a)    the number of photographs or feet of film or videotape;

    (b)    the places, objects, or persons photographed, filmed, or videotaped;

    (c)    the date the photographs, films, or videotapes were taken;

    (d)    the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and

    (e)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

**RESPONSE TO INTERROGATORY NO. 12.4:**

Objection:    This interrogatory violates the attorney work product doctrine, Code of Civil Procedure §2018.020 (a)(b) and it also seeks expert discovery prematurely in violation of California Code of Civil Procedure §2034 and seeks information that is equally available to propounding party. However, subject to and without waiving said objections, yes.

(a)-(e) Pre and post-injury photographs will be produced with my Responses to Request for Production of Documents. Discovery continues.

**INTERROGATORY NO. 12.5:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210 - 2034.310) concerning the **INCIDENT**? If so, for each item state:

    (a)    the type (i.e., diagram, reproduction, or model);

    (b)    the subject matter; and

    (c)    the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

BRUNNER V. THE AVALON CORP.                          CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 12.5**:

Objection:   This interrogatory violates the attorney work product doctrine, Code of Civil Procedure §2018.020 (a)(b), and it also seeks expert discovery prematurely in violation of California Code of Civil Procedure §2034. However, subject to and without waiving said objections, no. Discovery continues.

**INTERROGATORY NO. 12.6**:

Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

    (a)    the name, title, identification number, and employer of the **PERSON** who made the report;

    (b)    the date and type of report made;

    (c)    the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

    (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

**RESPONSE TO INTERROGATORY NO. 12.6**:

Objection:   This interrogatory is vague and ambiguous as to "a report" and as to "any PERSON." Further, it violates the attorney work product doctrine, Code of Civil Procedure §2018.020 (a)(b) and §2018.030 (a)(b), and it seeks expert discovery prematurely in violation of California Code of Civil Procedure §2034. However, subject to and without waiving said objections, no.

**INTERROGATORY NO. 12.7**:

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

    (a)    the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210 – 2034.310);

-18-

1    (b)    the date of the inspection.

2    **RESPONSE TO INTERROGATORY NO. 12.7:**

3         Objection:    This interrogatory violates the attorney work product doctrine, §2018.020

4    (a)(b), and it also seeks expert discovery prematurely in violation of California Code of Civil

5    Procedure §2034.

6    **INTERROGATORY NO. 14.1:**

7         Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON**

8    involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation

9    was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and

10   telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

11   **RESPONSE TO INTERROGATORY NO. 14.1:**

12        Yes, Defendant violated California Civil Code § 1714. Discovery continues.

13   **INTERROGATORY NO. 14.2:**

14        Was any **PERSON** cited or charged with a violation of any statute, ordinance, or

15   regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

16        (a)    the name, **ADDRESS**, and telephone number of the **PERSON**;

17        (b)    the statute, ordinance, or regulation allegedly violated;

18        (c)    whether the **PERSON** entered a plea in response to the citation or charge and, if

19               so, the plea entered; and

20        (d)    the name and **ADDRESS** of the court or administrative agency, names of the

21               parties, and case number.

22   ///

23

24

25

26

27

-19-

BRUNNER V. THE AVALON CORP.                                          CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

1  **RESPONSE TO INTERROGATORY NO. 14.2:**

2       I am unaware if Defendant was cited. Discovery continues.

3

4  DATED:  April 27, 2021                          **SHEA & SHEA**

5

6                                    By:  _____
                                         NICOLE N. HANCOCK, ESQ.

7                                         Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BRUNNER V. THE AVALON CORP.                               CASE NO..: 20CV364441

PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY
COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE

DocuSign Envelope ID: 589EBA37-4067-4B51-8390-D47ABA6330BB

## VERIFICATION

The undersigned declares as follows:

I am the plaintiff in the above-captioned matter.  I am familiar with the contents of the foregoing **PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE.**  The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law.  The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on the below date at Savannah, Georgia.

DATED: ____4/27/2021____

DocuSigned by:

_____
3DA4D5F57E9B47D...

Verification

DocuSign Envelope ID: 90219F17-4760-4840-B61A-11B12881B6CB

1

**PROOF OF SERVICE**

2

I, the undersigned, declare:

3

I am a citizen of the United States and a resident of the County of Santa Clara. I am over the age of eighteen (18) years and not a party to the within entitled action. I am employed by Shea & Shea, 2007 West Hedding Street, Suite 100, San Jose, California, 95128, in the office of a member of the bar of this court at whose direction the service was made. I am readily familiar with Shea & Shea's practice for collection and processing of documents for delivery by way of the service indicated below:

4

5

6

7

(X) ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

8

9

10

11

12

On April 27, 2021, in accordance with ordinary business practices, I caused to be served in the manner identified above the attached:

13

14

**PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S FORM INTERROGATORIES, SET ONE**

15

16

**PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S SPECIAL INTERROGATORIES, SET ONE**

17

**PLAINTIFF SETH BRUNNER'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S REQUEST FOR PRODUCTION, SET ONE**

18

on the following:

19

Mary Kay Glaspy, Esq.
Thomas J. Tarkoff, Esq.

20

MANNING, GROSS, & MASSENBURG, LLP

21

100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596

22

T: (925) 947-1300
F: (925) 947-1594

23

mglaspy@mgmlaw.com; ttarkoff@mgmlaw.com
*Attorneys for Defendant AvalonBay*

24

*Communities, Inc.*

25

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on April 27, 2021, at San Jose, California.

26

DocuSigned by:

*Brandon Eisenberg*

27

Brandon D. Eisenberg

BRUNNER v. THE AVALON CORP., et al                                   CASE NO.: 20CV364441
PROOF OF SERVICE

1

## **CERIFICATE OF SERVICE**

2

3        I am employed in the County of Contra Costa, State of California, I am over the age of 18
4    and am not a party to the within action; my business address is 100 Pringle Avenue, Suite 750,
    Walnut Creek, California  94596.

5        On the date below, I served on the parties of record in this action the foregoing document
6    described as:

7    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (A) (DIVERSITY)**

8    **[ ]    US. POSTAGE -** by sealing the envelope containing said true copy, and placing it for
         collection and mailing following ordinary business practices of Manning Gross +
9        Massenburg, LLP, addressed to the offices as set forth below.

10   **[X]    ELECTRONIC TRANSMISSION**: By e-mailing the document(s) to the persons at the e-
         mail address(es) listed below.  Pursuant to notice by the County of Contra Costa, to shelter
11       in place during the Coronavirus (COVID-19) pandemic, this office will be working remotely,
         not able to send physical mail, and is therefore using only electronic mail.  No electronic
12       message or other indication that the transmission was unsuccessful was received within
         a reasonable time after the transmission.
13

14   **[X]    ECF** – by uploading the document(s) to U.S. District Court of California North District
         Official Court Electronic Document Filing (ECF) System (https://ecf.cand.uscourts.gov/).
15       The above listed document was sent to all parties listed on the Certificate of Service

16   **[ ]    FILE & SERVEXPRESS**: Based on a court order or an agreement of the parties to accept
         service by electronic transmission, I transmitted a true and correct copy of the document
17       listed above via File & ServeXpress. The above listed document was sent to all parties
         listed on the Proof of Service. This service complies with California Rules of Court Rule
18       2.251. A copy of the File & ServeXpress Transaction Receipt page will be maintained with
         the original document in our office.
19

20   **[X]    (State)** I declare under penalty of perjury under the laws of the State of California that the
         above is true and correct.
21

22       Executed on this 26th day of May, 2021, at Walnut Creek, California.

23

24                                            _____
                                                        Jen Nolan
25

26

27

28

1

## SERVICE LIST

2

| | |
|---|---|
| Michael M. Shea, Jr.<br>Mark B. O'Connor<br>Nicole N. Hancock<br>SHEA & SHEA, APC<br>2007 West Hedding Street, Suite 100<br>San Jose, CA  95128<br>(T):  (408) 292-2434<br>mmsjr@shea-shea.com<br>mbo@shea-shea.com<br>nhancock@shea-shea.com<br>beisenberg@shea-shea.com<br><br>**Counsel for Plaintiff,<br>SETH BRUNNER** | Mary Kay Glaspy<br>Thomas J. Tarkoff<br>Manning Gross + Massenburg, LLP<br>100 Pringle Ave., Suite 750<br>Walnut Creek, CA  94596<br>(T): (925) 947-1300<br>mglaspy@mgmlaw.com<br>ttarkoff@mgmlaw.com<br>medwards@mgmlaw.com  (Paralegal)<br>jnolan@mgmlaw.com  (Assistant)<br><br>**Counsel for Defendant,<br>AVALONBAY COMMUNITIES, INC.<br>(Doe 1)** |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28